UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATEEM MALIK HUDSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS et al.,<br><br>    Defendants. | Case No. 3:23-cv-00591<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

More than three and a half years have passed since pro se and *in forma pauperis* Plaintiff Mateem Malik Hudson initiated this civil rights action under 42 U.S.C. § 1983 (Doc. No. 1), and more than a year and a half has passed since the Court docketed Hudson's amended complaint naming new defendants (Doc. No. 17). In that time, the Court has repeatedly identified and explained the requirements for Hudson to effect service of process on the defendants he named, including Defendant Correctional Officer Joshua Burries. (Doc. Nos. 16, 28, 50, 58.) While Hudson returned a completed service packet for Burries indicating that Burries could be served at his last-known work address (Doc. No. 18), the United States Marshals Service has not been able to effect service of process on Burries at his work address (Doc. No. 27), at Burries's last-known residential address (Doc. Nos. 28, 29, 31, 39, 40), or at an address identified by the Court in public records (Doc. No. 57). For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Hudson's claims against Burries without prejudice under Federal Rule of Civil Procedure 4(m) for Hudson's failure to effect service of process.

## I. Relevant Background

This action arises out of Hudson's incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. Nos. 1, 17.) Hudson's amended complaint asserts § 1983 claims against Burries of excessive force and failure to protect in violation of the Eighth Amendment and retaliation in violation of the First Amendment as well as state-law claims of false arrest and imprisonment, intentional infliction of emotional distress, battery, and negligence. (Doc. No. 17.) Because Hudson is incarcerated and appears *in forma pauperis*, the Court screened his amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c). (Doc. No. 16.) With respect to Hudson's claims against Burries, the Court found that the amended complaint stated colorable claims of excessive force or failure to protect and retaliation and allowed Hudson's claims against Burries to proceed for further development. (*Id.*)

The Court ordered Hudson to complete a service packet for Burries within twenty-one days and, because Hudson proceeds *in forma pauperis*, the Court directed the Marshals Service to effect service of process on Burries as required by Federal Rule of Civil Procedure 4(c)(3). (*Id.*) Hudson returned a completed service packet for Burries indicating that Burries could be served at TTCC, and the Clerk of Court issued a summons addressed to Burries at TTCC and forwarded it to the Marshals Service to effect service of process. (Doc. No. 18.) The Marshals Service returned the summons unexecuted with a note explaining that Burries could not be served because he no longer works at TTCC. (Doc. No. 27.) The Court directed TTCC Warden Vince Vantell or an authorized representative to file under seal Burries's last-known address and directed the Clerk of Court to re-issue a sealed summons to Burries at the new address. (Doc. No. 28.) Vantell complied with the Court's order (Doc. No. 29), and the Clerk of Court re-issued a sealed summons to Burries at his last-known address (Doc. No. 31). On April 17, 2024, the Marshals Service again returned Burries's summons unexecuted with a note explaining that it attempted to serve Burries at his last-

2

known address via certified mail, but the United States Postal Service (USPS) returned the mailing as undeliverable. (Doc. Nos. 39, 40.)

On May 22, 2024, the Court issued an order explaining that, "[e]ven though the Court has appointed the Marshals Service to serve Burries with process on Hudson's behalf, it remains Hudson's responsibility to provide a correct service address for Burries." (Doc. No. 50, PageID# 232.) The Court therefore ordered Hudson to show cause by June 12, 2024, why the Magistrate Judge should not recommend that the Court dismiss his claims against Burries under Rule 4(m) for failure to effect timely service of process. (*Id.*)

On June 7, 2024, the Court received a filing from Hudson entitled "motion for good cause" that the Court construed as Hudson's response to the Court's show-cause order. (Doc. No. 51, PageID# 234.) Hudson argued that good cause existed for the Court to extend the deadline for serving Burries because Hudson "has extended every effort to comply with the rules" and "provided [a] proper address[ ]" for Burries. (Doc. No. 51, PageID# 234, 235.) Hudson argued that because he appears *in forma pauperis*, "the district court is responsible for service" on Burries and "it is the Marshal's [*sic*] responsibility" "to track [ ] defendants down" "as long as [plaintiffs] provide enough information to identify the defendants." (*Id.* at PageID# 235, 237.) Hudson further argued that "it would be a miscarriage of justice if [he] . . . [was] forced to mo[ve] to compel discovery if the last-known whereabouts or additional information on Burries [was] not provided." (*Id.* at PageID# 239.)

The Magistrate Judge found that Hudson had "adequately responded to its show-cause order and that good cause exist[ed] to extend the deadline to serve Burries" to January 6, 2025. (Doc. No. 52, PageID# 244, 245.) The Magistrate Judge explained that "the Court ha[d] identified a potential mailing address for Burries by searching public records" and would enter a "sealed

order directing the Clerk of Court to re-issue a sealed summons to Burries at the new address and provide the summons to the Marshals Service to effect service of process . . . ." (Doc. No. 52, PageID# 244.) However, the Magistrate Judge reminded Hudson "that, under Sixth Circuit precedent, the ultimate responsibility for identifying Burries's service address rests with him." (*Id.* at PageID# 245; *see also id.* at PageID# 244 ("[C]ontrary to Hudson's assertion, the Marshals Service is not responsible for locating Burries.").)

The Clerk of Court issued a sealed summons for Burries on October 9, 2024, and provided it to the Marshals Service. (Doc. Nos. 54, 55.) On November 15, 2024, the Marshals Service returned the summons unexecuted, indicating that they attempted to serve Burries in person at the new address, but "management state[d] [that] Burries . . . moved out months ago." (Doc. No. 57, PageID# 294.) The Magistrate Judge reminded Hudson "that it remains his responsibility to provide a correct service address for Burries" and warned him "that failure to provide a correct service address for Burries before the extended service deadline of January 6, 2025, will likely result in a recommendation that Hudson's claims against Burries be dismissed without prejudice . . . ." (Doc. No. 58, PageID# 297, 298.)

## II. Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a

defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) (first citing Fed. R. Civ. P. 4(m); and then citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

The Sixth Circuit has directed district courts to consider seven factors in "deciding whether to grant a discretionary extension of time in the absence of a finding of good cause:"

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;

5

(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians' Med. Ctr., LLC*, 44 F.4th at 569.

### III.  Analysis

A year and a half has passed since the Court docketed Hudson's amended complaint (Doc. No. 17), and the Marshals Service has not been able to effect service of process on Burries despite diligent efforts (Doc. Nos. 27, 39, 40). The Court has repeatedly warned Hudson that it remains his responsibility to provide a correct service address for Burries and that failure to do so would likely result in a recommendation that the Court dismiss his claims against Burries. (Doc. Nos. 50, 58.)

Hudson has litigated several cases in this district in which the Court has addressed service issues. For example, in *Hudson v. CoreCivic*, Case No. 3:21-cv-00319, 2024 WL 1626891, at *1, *3 (M.D. Tenn. Mar. 11, 2024), *report and recommendation adopted*, 2024 WL 1622630 (M.D. Tenn. Apr. 15, 2024), the Court appointed the Marshals Service to effect service of process on Hudson's behalf, but the Marshals Service was unable to serve Defendant TTCC Unit Manager Ashleigh VanDyke at either TTCC or her last-known address. In determining whether to extend the deadline to effect service on VanDyke, the Court explained that:

> When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Rule 4(c) "dovetails" with § 1915, *Byrd*, 94 F.3d at 219, by providing that "[t]he court must" "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is

authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . ." Fed. R. Civ. P. 4(c)(3).

> Together, Rule 4(c)[(3)] and 28 U.S.C. § 1915([d]) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

That does not mean, however, that an incarcerated pro se plaintiff proceeding in forma pauperis automatically shows good cause for extending the Rule 4(m) deadline when the Marshals Service has been unable to effect service of process on a defendant. Courts in this circuit consider the in forma pauperis plaintiff's conduct and the totality of the circumstances in determining whether good cause exists to extend the Rule 4(m) deadline. For example, in *Abel v. Harp*, the Sixth Circuit considered the fact that the plaintiff diligently attempted to contact the Marshals Service "when he knew there was a problem with service on the defendants" and also considered the fact that "[t]he Marshals Service [incorrectly] advised [the plaintiff] that it had served all of the defendants" before holding that good cause existed to extend the Rule 4(m) deadline. 122 F. App'x 248, 252 (6th Cir. 2005). By contrast, in *VanDiver v. Martin*, the court found that a pro se incarcerated *in forma pauperis* plaintiff failed to show good cause to extend the Rule 4(m) deadline where the plaintiff "remained silent after being put on notice that [ ] Defendants had not been served" at the address he provided because the defendants "no longer worked for the Michigan Department of Corrections." 304 F. Supp. 2d 934, 941, 942 (E.D. Mich. 2004); *see also Freeman v. Collins*, Civ. Action No. 2:08-cv-00071, 2011 WL 4914873, at *5 (S.D. Ohio Aug. 15, 2011) (finding that pro se incarcerated *in forma pauperis* plaintiff failed to show good cause to extend Rule 4(m) deadline where he "took no action to cure the lack of service for a significant period . . ."). Similarly, in *Staub v. Nietzel*, the Sixth Circuit found that good cause did not exist to extend the Rule 4(m) deadline despite the "administrative snafu" that the Clerk of Court did not issue a summons for the unserved defendant because the plaintiff "was on notice" that the defendant remained unserved, failed to inquire about the status of service or provide additional information for service to the court, and "fail[ed] to provide any reasonable explanation for sitting idly by for six years[.]" Case No. 22-5384, 2023 WL 3059081, at *8–9 (6th Cir. Apr. 24, 2023). The court there found *VanDiver* analogous and distinguished *Byrd* on the basis that the plaintiff "receive[d] notice that [the defendant] remained unserved" and failed to act for years. *Id.* at *9.

*Id.* at *5 (alterations in original).

The Court ultimately found that Hudson had not shown good cause to extend the deadline to serve VanDyke because "[t]en months ha[d] passed since Hudson learned that the Marshals Service diligently but unsuccessfully attempted to effect service of process on VanDyke" and, "[i]n that time, Hudson ha[d] actively participated in th[e] litigation by his numerous filings, none expressing his concern for the fact VanDyke ha[d] not been served." *Id.* at *6. The Court also considered the seven factors relevant to granting discretionary extensions under Rule 4(m) and found that, on balance, the factors weighed against an extension. *Id.*

Here, Hudson first provided the address of Burries's last-known employment at TTCC, and the Clerk of Court issued a summons to Burries at that address. (Doc. No. 18.) The Marshals Service returned that summons unexecuted on January 4, 2024, with a notation that Burries was "no longer employed at [TTCC]." (Doc. No. 27, PageID# 98.) The next day, the Court ordered Vantell to file a notice under seal providing Burries's last-known address. (Doc. No. 28.) Vantell did so on January 8, 2024 (Doc. No. 29), and the Clerk of Court re-issued a sealed summons to Burries using that address and forwarded it to the Marshals Service to attempt service on January 12, 2024 (Doc. No. 31). The Marshals Service attempted to serve Burries at the last-known address via certified mail, but USPS returned the mailing as undeliverable with a notation that it was unable to deliver or forward the mailing as addressed. (Doc. Nos. 39, 40.) The Court identified another potential service address for Burries by searching public records (Doc. No. 52) and the Marshals Service attempted to serve Burries in person at that address, but the attempt was unsuccessful because Burries had moved (Doc. No. 57).

More than four months have passed since Hudson learned that the Marshals Service's latest attempt to serve Burries was unsuccessful (Doc. No. 57), but Hudson has not taken any action in this case and has not inquired or expressed concern about the status of service on Burries. Hudson

8

therefore has not shown that good cause exists to further extend the deadline for service of process on Burries.

The Court must also consider the seven relevant factors that the Sixth Circuit articulated in *Oakland Physicians Medical Center, LLC*, 44 F.4th at 568–69, to determine whether a discretionary extension of the service deadline is warranted. The fourth factor, prejudice to the plaintiff, weighs in favor of granting Hudson a discretionary extension because his § 1983 claims against Burries would likely be time-barred if he re-asserted them in a new action. Claims brought under § 1983 are subject to "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, the applicable limitations period is one year. *Id.* (citing Tenn. Code Ann. § 28-3-104); *Jordan v. Blount Cnty.*, 885 F.3d 413, 415 (6th Cir. 2018) (same). However, "[t]he date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635. Generally, "the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.*; *Harrison v. Michigan*, 722 F.3d 768, 773 (6th Cir. 2013). Hudson alleges that the events underlying his claims against Burries took place in early 2021. (Doc. No. 17.) Because more than four years have passed, Hudson's claims against Burries would likely be time-barred if he reasserted them in a new action. However, "the running of the statute of limitations does not require a court to grant a discretionary extension[.]" *Oakland Physicians Med. Ctr.*, LLC, 44 F.4th at 570 (collecting cases).

The fifth and sixth factors—whether the plaintiff made any good faith efforts to effect service of process or was diligent in correcting any deficiencies and whether the plaintiff is a pro se litigant deserving of additional latitude to correct service defects—are effectively neutral in this

analysis. While Hudson initially made good faith efforts to return a completed service packet for Burries and to provide a former work address for Burries, he has not acted diligently to correctly identify a current service address for Burries. And there is no indication that additional time would lead to the discovery of Burries's current address.

The first, second, third, and seventh factors weigh against an extension. A further extension would be well beyond the 90-day time period for service under Rule 4(m), as more than 575 days have passed since the Court screened Hudson's amended complaint and found that he had stated colorable Eighth Amendment and First Amendment claims against Burries. More than four years have passed since the events underlying Hudson's claims against Burries, and this "lapse of time, plus . . . untimely service of process, would be more likely to prejudice" Burries than Hudson. *Oakland Physicians Med. Ctr., LLC*, 44 F.4th at 572. There is no indication that Burries has actual notice of this action. And there do not appear to be any unique equitable factors weighing in favor of an extension.

Considering the seven relevant factors, dismissal of Hudson's claims against Burries without prejudice under Rule 4(m) is appropriate.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court DISMISS WITHOUT PREJUDICE Hudson's claims against Burries under Rule 4(m) for failure to effect service of process.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of April, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge