UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATEEM MALIK HUDSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MEMPHIS et al.,<br><br>    Defendants. | Case No. 3:23-cv-00591<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

**REPORT AND RECOMMENDATION**

On March 12, 2025, the Magistrate Judge ordered pro se and *in forma pauperis* Plaintiff Mateem Malik Hudson to show cause by March 26, 2025, why the Magistrate Judge should not recommend that Hudson's remaining claims in this civil rights action brought under 42 U.S.C. § 1983 be dismissed under Federal Rule of Civil Procedure 41(b) for Hudson's failure to prosecute his claims, including his failure to respond in opposition to the motion for summary judgment (Doc. No. 60) filed by Defendants CoreCivic, Inc., Lauren Dillon, Megan Lopez, and Raudy Rosario (the CoreCivic Defendants). (Doc. No. 69.) Hudson has not responded to the show-cause order.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Hudson's remaining claims without prejudice under Rule 41(b) and find moot the CoreCivic Defendants' motion for summary judgment.

I.      **Relevant Background**

This action arises out of Hudson's incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, which is operated by CoreCivic. (Doc. Nos. 1, 17.) Hudson's

amended complaint asserts § 1983 claims against the CoreCivic Defendants of excessive force and failure to protect in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Doc. No. 17.) Because Hudson is incarcerated and appears *in forma pauperis*, the Court screened his amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c). (Doc. No. 16.) With respect to Hudson's claims against the CoreCivic Defendants, the Court found that the amended complaint stated colorable Eighth and First Amendment claims against Dillon, Lopez, and Rosario and a colorable Eighth Amendment claim against CoreCivic and allowed these claims to proceed for further development. (*Id.*)

The CoreCivic Defendants answered Hudson's amended complaint. (Docs. No. 30, 41, 45.) On May 6, 2024, the Magistrate Judge entered a scheduling order setting January 8, 2025, as the deadline for filing "[a]ll dispositive motions, including motions for summary judgment[.]" (Doc. No. 46, PageID# 217.) The scheduling order provided that responses to dispositive motions "shall be filed by no later than twenty-eight days after the dispositive motion is served" and explained that, "[i]f service is made by mail, three days are added to the time period for response . . . in accordance with Federal Rule of Civil Procedure 6." (*Id.*)

On January 8, 2025, the CoreCivic Defendants filed a motion for summary judgment on Hudson's claims against them (Doc. No. 60), supported by a memorandum of law (Doc. No. 61), a statement of undisputed material facts (Doc. No. 62), and several declarations and exhibits (Doc. Nos. 63–68). The CoreCivic Defendants certified that they served their summary judgment motion and supporting documents on Hudson via first class mail on the same day. (Doc. Nos. 60–66.)

On March 12, 2025, the Magistrate Judge found that, "[u]nder the scheduling order entered in this action (Doc. No. 46), Hudson's response in opposition to these defendants' summary judgment motion was due on February 10, 2025." (Doc. No. 69, PageID# 389.) The Magistrate

2

Case 3:23-cv-00591    Document 72    Filed 04/15/25    Page 2 of 8 PageID #: 406

Judge further found that "[t]he docket reflect[ed] that Hudson ha[d] not filed a response in opposition to the defendants' summary judgment motion." (*Id.*) Consequently, the Magistrate Judge ordered Hudson to show cause "by March 26, 2025, why the Magistrate Judge should not recommend that the Court dismiss Hudson's claims against" the CoreCivic Defendants "under Rule 41(b) for Hudson's failure to prosecute and should instead permit Hudson to file an untimely response in opposition to these defendants' motion for summary judgment." (*Id.* at PageID# 390.) The Magistrate Judge further ordered Hudson "to file any proposed response in opposition to the defendants' summary judgment motion with his response to th[e] Order to Show Cause." (*Id.*) Finally, the Magistrate Judge warned Hudson "that failure to comply with th[e] Order to Show Cause [would] likely result in a recommendation that his claims against CoreCivic, Dillon, Lopez, and Rosario be dismissed." (*Id.*)

The docket reflects that Hudson has not responded to the show-cause order and still has not responded in opposition to the CoreCivic Defendants' motion for summary judgment.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth

Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of Hudson's claims against the CoreCivic Defendants in this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Hudson.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Hudson initiated this action and diligently pursued his claims between August 25, 2021, and June 7, 2024. (Doc. Nos. 1, 4, 7, 8, 10, 11, 17, 51.) There is no indication that Hudson's failure to respond to the CoreCivic Defendants' motion for summary judgment was motivated by bad faith, but his failure to comply with the Court's show-cause order nonetheless reflects willfulness and fault for purposes of Rule 41(b). *See Shrum v. Tilley*, Case No. 3:22-cv-00669, 2024 WL 3533325, at *6 (M.D. Tenn. June 14, 2024) (collecting authority), *report and recommendation adopted*, 2024 WL 3532241 (M.D. Tenn. July 24, 2024). The first factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are

not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

The CoreCivic Defendants answered the amended complaint (Doc. Nos. 30, 41, 45) and filed a motion for summary judgment (Doc. No. 60). Those steps are typical of the early stages of litigation and were not necessitated by Hudson's delay. *See Schafer*, 529 F.3d at 739; *see also Shrum*, 2024 WL 3533325, at *7 (finding that answering complaint and filing motion for summary judgment are steps "typical of the early stages of litigation"); *Story v. Dickson Cnty. Sheriff's Off.*, Case No. 3:21-cv-00667, 2023 WL 8361778, at *4 (M.D. Tenn. Nov. 9, 2023) (same), *report and recommendation adopted*, 2023 WL 8355897 (M.D. Tenn. Dec. 1, 2023). There is thus no indication that the CoreCivic Defendants wasted substantial time, money, or effort due to a lack of cooperation from Hudson. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). The Magistrate Judge warned Hudson that failure to comply with the order to show cause and respond to the CoreCivic Defendants' motion for summary judgment might result in the dismissal of his claims against these defendants. (Doc. No. 69.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though the CoreCivic Defendants have filed a motion for summary judgment. *See Shrum*, 2024 WL 3533325, at *7, *9 (recommending dismissing action without prejudice for plaintiff's failure to prosecute and finding defendants' summary judgment moot); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Hudson's claims against CoreCivic, Dillon, Lopez, and Rosario be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and that these defendants' motion for summary judgment (Doc. No. 60) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of April, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge