IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATEEM MALIK HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-CV-00591 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| CITY OF MEMPHIS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 71, "R&R") of the Magistrate Judge, which recommends that the Court dismiss Plaintiff's claims in the amended complaint (Doc. No. 17, Amended Complaint") against Defendant Correctional Officer Joshua Burries ("Burries") under Rule 4(m) for failure to effect service of process. No objections to the R&R have been filed and, as discussed below, the time for filing objections has now expired.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> This action arises out of Hudson's incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. Nos. 1, 17.) Hudson's amended complaint asserts § 1983 claims against Burries of excessive force and failure to protect in violation of the Eighth Amendment and retaliation in violation of the First Amendment as well as state-law claims of false arrest and imprisonment, intentional infliction of emotional distress, battery, and negligence. (Doc. No. 17.) Because Hudson is incarcerated and appears *in forma pauperis*, the Court screened his amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c). (Doc. No. 16.) With respect to Hudson's claims against Burries, the Court found that the amended complaint stated colorable claims of excessive force

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

or failure to protect and retaliation and allowed Hudson's claims against Burries to proceed for further development. (*Id.*)

The Court ordered Hudson to complete a service packet for Burries within twenty-one days and, because Hudson proceeds *in forma pauperis*, the Court directed the Marshals Service to effect service of process on Burries as required by Federal Rule of Civil Procedure 4(c)(3). (*Id.*) Hudson returned a completed service packet for Burries indicating that Burries could be served at TTCC, and the Clerk of Court issued a summons addressed to Burries at TTCC and forwarded it to the Marshals Service to effect service of process. (Doc. No. 18.) The Marshals Service returned the summons unexecuted with a note explaining that Burries could not be served because he no longer works at TTCC. (Doc. No. 27.) The Court directed TTCC Warden Vince Vantell or an authorized representative to file under seal Burries's last-known address and directed the Clerk of Court to re-issue a sealed summons to Burries at the new address. (Doc. No. 28.) Vantell complied with the Court's order (Doc. No. 29), and the Clerk of Court re-issued a sealed summons to Burries at his last-known address (Doc. No. 31). On April 17, 2024, the Marshals Service again returned Burries's summons unexecuted with a note explaining that it attempted to serve Burries at his last- 3 known address via certified mail, but the United States Postal Service (USPS) returned the mailing as undeliverable. (Doc. Nos. 39, 40.)

On May 22, 2024, the Court issued an order explaining that, "[e]ven though the Court has appointed the Marshals Service to serve Burries with process on Hudson's behalf, it remains Hudson's responsibility to provide a correct service address for Burries." (Doc. No. 50, PageID# 232.) The Court therefore ordered Hudson to show cause by June 12, 2024, why the Magistrate Judge should not recommend that the Court dismiss his claims against Burries under Rule 4(m) for failure to effect timely service of process. (*Id.*)

On June 7, 2024, the Court received a filing from Hudson entitled "motion for good cause" that the Court construed as Hudson's response to the Court's show-cause order. (Doc. No. 51, PageID# 234.) Hudson argued that good cause existed for the Court to extend the deadline for serving Burries because Hudson "has extended every effort to comply with the rules" and "provided [a] proper address[ ]" for Burries. (Doc. No. 51, PageID# 234, 235.) Hudson argued that because he appears *in forma pauperis*, "the district court is responsible for service" on Burries and "it is the Marshal's [sic] responsibility" "to track [ ] defendants down" "as long as [plaintiffs] provide enough information to identify the defendants." (*Id.* at PageID# 235, 237.) Hudson further argued that "it would be a miscarriage of justice if [he] . . . [was] forced to mo[ve] to compel discovery if the last-known whereabouts or additional information on Burries [was] not provided." (*Id.* at PageID# 239.)

The Magistrate Judge found that Hudson had "adequately responded to its show-cause order and that good cause exist[ed] to extend the deadline to serve Burries" to January 6, 2025. (Doc. No. 52, PageID# 244, 245.) The Magistrate Judge explained that "the Court ha[d] identified a potential mailing address for Burries by

> searching public records" and would enter a "sealed 4 order directing the Clerk of Court to re-issue a sealed summons to Burries at the new address and provide the summons to the Marshals Service to effect service of process . . . ." (Doc. No. 52, PageID# 244.) However, the Magistrate Judge reminded Hudson "that, under Sixth Circuit precedent, the ultimate responsibility for identifying Burries's service address rests with him." (*Id.* at PageID# 245; *see also id.* at PageID# 244 ("[C]ontrary to Hudson's assertion, the Marshals Service is not responsible for locating Burries.").)
>
> The Clerk of Court issued a sealed summons for Burries on October 9, 2024, and provided it to the Marshals Service. (Doc. Nos. 54, 55.) On November 15, 2024, the Marshals Service returned the summons unexecuted, indicating that they attempted to serve Burries in person at the new address, but "management state[d] [that] Burries . . . moved out months ago." (Doc. No. 57, PageID# 294.) The Magistrate Judge reminded Hudson "that it remains his responsibility to provide a correct service address for Burries" and warned him "that failure to provide a correct service address for Burries before the extended service deadline of January 6, 2025, will likely result in a recommendation that Hudson's claims against Burries be dismissed without prejudice . . . ." (Doc. No. 58, PageID# 297, 298.)

(Doc. No. 71 at 2-4). The Magistrate Judge concluded that Plaintiff's claims against Defendant Burries should be dismissed. Specifically, the Magistrate Judge concluded that the Court should dismiss Plaintiff's claims against Defendant Burries without prejudice based on Plaintiff's failure to effect service of process.

No party has filed objections to the R&R, and the time to file objections with the Court has passed. Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the report and recommendation with the District Court. For pro-se plaintiffs, like Plaintiff here, the Court is willing to extend this fourteen-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff, because the R&R was filed on April 15, 2025 and yet as of June 3. 2025 Plaintiff has not filed any objections.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and

recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a de novo or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 71) is adopted and approved. Accordingly, Plaintiff's claims against Defendant Burries from Plaintiff's Amended Complaint (Doc. No. 17) are DISMISSED WITHOUT PREJUDICE. All other claims in this matter remain pending, at least for now.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE