IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATEEM MALIK HUDSON,            )
                                )
   Plaintiff,                   )
                                )    NO. 3:23-CV-00591
v.                              )
                                )    JUDGE RICHARDSON
CITY OF MEMPHIS, ET AL.,        )
                                )
   Defendants.                  )

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 72, "R&R") of the Magistrate Judge, which recommends that the Court dismiss Plaintiff's remaining claims in this civil rights action brought under 42 U.S.C. § 1983 under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute his claims, including his failure to respond in opposition to the motion for summary judgment (Doc. No. 60) filed by Defendants CoreCivic, Inc., Lauren Dillon, Megan Lopez, and Raudy Rosario (the "CoreCivic Defendants"). (Doc. No. 69). The Magistrate Judge issued a show cause order (Doc. No. 69) to which Plaintiff has not responded. No objections to the R&R have been filed and the time for filing objections has now expired.[2]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro-se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on April 15, 2025 and as of June 10, 2025 Plaintiff has not filed any objections.

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference.

> This action arises out of Hudson's incarceration at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, which is operated by CoreCivic. (Doc. Nos. 1, 17.) Hudson's amended complaint asserts § 1983 claims against the CoreCivic Defendants of excessive force and failure to protect in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Doc. No. 17.) Because Hudson is incarcerated and appears *in forma pauperis*, the Court screened his amended complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e(c). (Doc. No. 16.) With respect to Hudson's claims against the CoreCivic Defendants, the Court found that the amended complaint stated colorable Eighth and First Amendment claims against Dillon, Lopez, and Rosario and a colorable Eighth Amendment claim against CoreCivic and allowed these claims to proceed for further development. (*Id.*)
>
> The CoreCivic Defendants answered Hudson's amended complaint. (Docs. No. 30, 41, 45.) On May 6, 2024, the Magistrate Judge entered a scheduling order setting January 8, 2025, as the deadline for filing "[a]ll dispositive motions, including motions for summary judgment[.]" (Doc. No. 46, PageID# 217.) The scheduling order provided that responses to dispositive motions "shall be filed by no later than twenty-eight days after the dispositive motion is served" and explained that, "[i]f service is made by mail, three days are added to the time period for response . . . in accordance with Federal Rule of Civil Procedure 6." (*Id.*)
>
> On January 8, 2025, the CoreCivic Defendants filed a motion for summary judgment on Hudson's claims against them (Doc. No. 60), supported by a memorandum of law (Doc. No. 61), a statement of undisputed material facts (Doc. No. 62), and several declarations and exhibits (Doc. Nos. 63–68). The CoreCivic Defendants certified that they served their summary judgment motion and supporting documents on Hudson via first class mail on the same day. (Doc. Nos. 60–66.)
>
> On March 12, 2025, the Magistrate Judge found that, "[u]nder the scheduling order entered in this action (Doc. No. 46), Hudson's response in opposition to these defendants' summary judgment motion was due on February 10, 2025." (Doc. No. 69, PageID# 389.) The Magistrate Judge further found that "[t]he docket reflect[ed] that Hudson ha[d] not filed a response in opposition to the defendants' summary judgment motion." (*Id.*) Consequently, the Magistrate Judge ordered Hudson to show cause "by March 26, 2025, why the Magistrate Judge should not recommend that the Court dismiss Hudson's claims against" the CoreCivic Defendants "under Rule 41(b) for Hudson's failure to prosecute and should instead permit Hudson to file an untimely response in opposition to these

> defendants' motion for summary judgment." (*Id.* at PageID# 390.) The Magistrate Judge further ordered Hudson "to file any proposed response in opposition to the defendants' summary judgment motion with his response to th[e] Order to Show Cause." (*Id.*) Finally, the Magistrate Judge warned Hudson "that failure to comply with th[e] Order to Show Cause [would] likely result in a recommendation that his claims against CoreCivic, Dillon, Lopez, and Rosario be dismissed." (*Id.*)
>
> The docket reflects that Hudson has not responded to the show-cause order and still has not responded in opposition to the CoreCivic Defendants' motion for summary judgment.

(Doc. No. 72 at 1-3). The Magistrate Judge concluded that Plaintiff's remaining claims in this matter should be dismissed. Specifically, the Magistrate Judge concluded that the Court should dismiss Plaintiff's claims against CoreCivic, Dillon, Lopez, and Rosario without prejudice under Federal Rule of Civil Procedure 41(b) and that these defendants' motion for summary judgment (Doc. No. 60) be denied as moot.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context."

*Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias; Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Absent objection, the R&R (Doc. No. 72) is adopted and approved. Accordingly, Plaintiff's claims against Defendants CoreCivic, Dillon, Lopez, and Rosario are DISMISSED WITHOUT PREJUDICE and Defendants' motion for summary judgment (Doc. No. 60) is DENIED AS MOOT.

The Clerk of the Court is DIRECTED to enter judgment pursuant to Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE